# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUDOVICO and ALBERTO COGNATA, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 17-2214 |
| v. | : | |
| | : | |
| MUNICIPALITY OF NORRISTOWN and | : | |
| NORRISTOWN MUNICIPAL COUNCIL, | : | |
| | : | |
| Defendants. | : | |

MCHUGH, J.                                            OCTOBER 4, 2017

## MEMORANDUM

       This is a land dispute between property owners and the Municipality of Norristown and its Municipal Council ("Norristown"). It involves a culvert beneath Ludovico and Alberto Cognata's ("the Cognatas") automobile body shop. The culvert, one of several in the area, is in substantial disrepair. The parties appear to agree that the need for repair is becoming urgent, but disagree as to legal responsibility for the repair. The Cognatas argue that it is a public improvement for which Norristown has legal responsibility. Norristown disagrees, taking the position that all of the culverts within the area in question are the responsibility of private landowners. In response to Norristown's position, the Cognatas have brought this action asserting a single claim under 42 U.S.C. § 1983 and four state law claims. They also move for an emergency writ of mandamus directing Norristown to proceed with repairs.

       The sole federal claim asserts a deprivation of substantive due process. Because the facts pled fall far short of governmental conduct that would "shock the conscience," Defendants' pending Motion to Dismiss will be granted.

## I. Pertinent Factual Background

Plaintiffs contend that the culvert in question falls within The Saw Mill Run Valley Flood Control project ("the Flood Control Project"), an undertaking to control flood waters for the benefit of Norristown and its residents in the 1960s. The project consisted of two phases: (1) construction of a dam and reservoir, and (2) the acquisition of easements that would allow proper drainage. Plaintiffs cite various public documents to support their contention that Norristown has legal responsibility for public improvements related to the project, including a sponsorship resolution passed in 1964; an agreement between Norristown and the Pennsylvania Department of Forests and Waters; and a later ordinance that acquired easements as part of the second phase of the project. They assert that Norristown's obligation is incontestable, such that its refusal to repair the culvert as of December 2015 is outrageous conduct that amounts to a deprivation of substantive due process.

For purposes of determining whether the facts pleaded describe behavior that can be deemed shocking to the conscience, it is significant that Plaintiffs have already sought, unsuccessfully, to pursue this same claim in state court, *Cognata v. Municipality of Norristown, et al.*, Court of Common Pleas, Montgomery County, 2016-10065.[1] Plaintiffs filed a Motion for Peremptory Judgement, and Judge Bernard Moore took testimony in two separate hearings, ultimately denying Plaintiffs relief in August 2016. Plaintiffs filed this action in May 2017, and withdrew their state court action shortly thereafter.

From a review of the record in front of Judge Moore, it is clear that Norristown's refusal to accept responsibility for repair of the culvert in question, and others in the vicinity, is based

---

[1] This fact emerged in Norristown's response to Plaintiffs' separately filed Emergency Motion for Writ of Mandamus. The motion in state court was for practical purposes the same as the Emergency Motion presently pending before me.

upon its legal conclusion that the obligations it assumed when the Flood Control Project began were limited to the dam; that the culverts through which water would flow pre-existed the Project and had already been constructed on private land; and that the easements Norristown acquired were to ensure unimpeded flow of water.

Because this Motion is pending under Rule 12, I must accept Plaintiffs' facts as true. But in resolving a motion to dismiss for failure to state a claim, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 256 (3d Cir. 2006) (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). And because the precise issue before me is whether Norristown's actions can be characterized as outrageous, the record from the state court proceedings where this issue was originally litigated provides important context. [2]

## II. The facts alleged are insufficient to show that Norristown's conduct shocks the conscience.

When a landowner brings a Fourteenth Amendment substantive due process challenge, the issue is whether the conduct of governmental officials is so outrageous as to shock the conscience. *Chainey v. Street,* 523 F.3d 200 (3d. Cir. 2008). One purpose of this rigorous standard is to prevent federal courts from becoming "super zoning tribunals," *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004), because "[l]and-use decisions are matters of local concern," *United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 402 (3d Cir. 2003). Only "the most egregious official conduct" will suffice. *Eichenlaub,* 385 F.3d at

---

[2] Because I am neither abstaining nor giving preclusive effect to the state court proceedings, but focusing only on the character of Defendants' actions, I need not be concerned over whether the issues presented to Judge Moore are completely identical to the issue before me.

285. Assuming that Plaintiffs have a protectable interest, Norristown's assertion of its legal position, even if it is taking an aggressive stance, cannot be deemed to rise to the level of a deprivation of constitutional rights.

In *United Artists*, the Third Circuit held that even bad-faith violations of state law do not suffice to state a constitutional violation. 316 F.3d at 401. Nor does conduct by officials acting completely outside the scope of their jurisdiction. *Id.* In *Eichenlaub*, the Court of Appeals deemed insufficient allegations that government officials "applied subdivision requirements to their property that were not applied to other parcels; that [officials] pursued unannounced and unnecessary inspection and enforcement actions; delayed certain permits and approvals; improperly increased tax assessments; and maligned and muzzled the [plaintiffs]." 385 F.3d at 286. It went on to cite corruption, self-dealing, or bias against an ethnic group as examples of the kinds of conduct required to establish a constitutional violation. *In Giuliani v. Springfield Twp.*, allegations that spiteful township officials deliberately adopted an unreasonable interpretation of the law were deemed insufficient, because such conduct "even if directly contrary to Pennsylvania law, would be merely a violation of state law." 238 F. Supp. 3d 670, 700 (E.D. Pa. 2017). And in *Kriss v. Fayette Cnty.*, allegations that commissioners engaged in a concerted effort to circumvent local zoning laws, and then attempted to silence protestors, were deemed insufficient. 827 F. Supp. 2d 477, 492 (W.D. Pa. 2011).

The record here shows that Plaintiffs and Norristown have a fundamental legal disagreement about responsibility for the site in question. But it is precisely that – a *legal* disagreement. Even if Norristown is entirely wrong, such error would not amount to a violation

of the Constitution. Accordingly, Plaintiffs' federal claims will be dismissed without prejudice,[3] and I decline jurisdiction over the state law claims.[4]

      /s/ Gerald Austin McHugh
United States District Judge

---

[3] Plaintiffs also assert a §1983 conspiracy claim, but having failed to assert a viable constitutional violation, the conspiracy claim necessarily fails as well. *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000).

[4] Although there is no need to reach the issue of abstention, Plaintiffs' earlier action in state court would weigh heavily in favor of abstaining.